### HIRAM HUTCHINSON v. THOMAS TARGEE.

A statement of demand, in a justice's court, for money had and received, in general terms, is defective.

The construction of the third section of the act for suppressing of lotteries. *Rev. Laws*, 272.

---

This was an action of debt brought to recover back the price of three different policies, a wager depending upon the result of the drawing of the Connecticut and Rhode-Island lotteries.

Before and at the time mentioned in the state of demand, which was simply for money had and received, the defendant kept a lottery office in the city of New-Brunswick, and there sold to the plaintiff, and others, for cash, and upon credit, policies, or wagers, in the different lotteries in the country. When the defendant sold these policies for cash, he gave no receipt, or other voucher, as evidence that the money was paid. The defendant kept regular books, in which he entered the policies he sold, and opposite marked them as sold upon credit, or for cash, accordingly as they were sold for cash, or otherwise. These policies were tickets, or slips of paper, having written on them three different numbers, the name of a particular lottery to be drawn, the name of the defendant, and implied an obligation; on his part, to pay to the holder, after the drawing of the lottery, the sum of forty dollars, in case a number on the ticket could be found among the drawn numbers of the lottery named in it. If entitled to a prize, the policy was paid, by the defendant, to the holder, without further question or proof. At the time mentioned in the state of demand, the plaintiff obtained of the defendant three of these policies, the price of which

was eight dollars each; afterwards, on the same day, the drawn numbers, in each lottery, were received and known both by the plaintiff and defendant. The policies of the plaintiff were all blanks. The Court of Common Pleas of Middlesex, on appeal, determined that the policies, in connection with the above facts, were sufficient evidence of the price having been paid by the plaintiff, and that he had a right to recover it back, under a general count, for money had and received.

*E. Wood,* for plaintiff in certiorari.

*R. Adrain,* for defendant in certiorari.

The opinion of the court was delivered by RYERSON, J.

Targee sued Hutchinson before the recorder of New-Bruns wick, in an action of debt. The statement of demand contains a single charge for money had and received, in *general terms,* as in a declaration at common law, without setting out *of whom* received, or under *what circumstances.* The recorder gave judgment in favor of the plaintiff below. This judgment was affirmed, by the Court of Common Pleas, on appeal; and their judgment is sought to be reversed by this writ of certiorari.

By the state of the case, agreed upon by the counsel, it appears that the money in question was paid on what are called policies of insurance on certain foreign lottery tickets. In fact, on wagers respecting the drawing of those lotteries, or whether certain numbers should come out blanks or prizes. If blanks, the defendant below was to retain the money paid, eight dollars, on each ticket; but if prizes, to pay to the plaintiff below, forty dollars, on each ticket drawing a prize. The lottery was drawn, and the tickets came out blanks, before any offer, on the part of the plaintiff, to rescind the contract.

This transaction seems to be against the policy of our law; *Rev. Laws,* 272, *sec.* 3. The action is founded on the hypothesis, that the contract is merely void, and the money recoverable at any time, as paid without consideration. On the other hand it is insisted, that both parties are in *pari delicto ;* and neither entitled to the aid of the law. It should be our policy, if at liberty, so to expound the law, as to prevent, as far as possible, this species of gambling. This, I am inclined to think, can best be accomplished by the course of decision adopted by the courts below; and I know of no settled course of decision against it.

I feel, therefore, at liberty to consider this contract as simply void, and to adopt the rule in *Mount & al.* v. *Waite,* 7 *John.* 434; and in *Jaques* v. *Golightly,* 2 *W. Black.* 1073; neither party being in *delicto,* in the strict sense of the phrase.

But upon this point I express no *final* opinion. The declaration or statement of demand is objected to as too general. This exception is fatal; 2 *Penn.* 464, *Bruer* v. *Douglass.* The principle of that case has been repeatedly recognized since, and is conformable to the dictates of reason.

The judgment must therefore be reversed.

CITED in *Denny* v. *Quintin,* 4 *Dutch,* 136.